In the Matter of HAVIK, INC., Debtor.

HAVIK, INC., Plaintiff,

v.

THEODORE H. SMYTH FAMILY TRUST and Anstalt Muralto, Defendants.

Bankruptcy No. 81–03044A.
Adv. No. 81–1337A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Aug. 13, 1981.

John C. Weitnauer, Alston, Miller & Gaines, Atlanta, Ga., for plaintiff.

J. Kirk Quillian, Mary Grace Diehl, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for defendants.

HUGH ROBINSON, Bankruptcy Judge.

### ORDER

Before this Court is Plaintiff's Motion for Emergency Interlocutory Relief. Plaintiff Havik, Inc. ("Havik"), who is operating its business as a debtor-in-possession, filed this adversary proceeding on July 28, 1981, four days after it filed its Petition for Relief under Chapter 11 of the Bankruptcy Code. A hearing on Plaintiff's Motion for Emergency Interlocutory Relief was scheduled for and held on August 4, 1981, exactly one week after the initiation of the adversary proceeding. Defendant the Theodore H. Smyth Family Trust was served with the Complaint on July 31, 1981 and Defendant Anstalt Muralto was apparently served on the date of the hearing.

Plaintiff's Motion seeks a Court Order allowing Havik to sell condominiums in the ordinary course of its business free and clear of the interests of both Defendants, whatever the nature or extent of those interests. Havik seeks that relief at a time when neither Defendant has had the opportunity to file a responsive pleading to the Complaint. As such, the relief requested is in the nature of a temporary restraining order or preliminary injunction and, therefore, Havik must meet the requirements established by the Fifth Circuit Court of Appeals for issuance of such interlocutory relief, including (1) a substantial likelihood that Havik will prevail on the merits; (2) irreparable harm to Havik; (3) proof that the threatened injury to Havik outweighs the harm to the defendants caused by the issuance of the proposed injunction and (4) a showing that the injunction would not be adverse to the public interest. *Treasure Salvors, Inc. v. Unidentified Wrecked and Abandoned Sailing Vessel,* 640 F.2d 560, 568 (5th Cir. 1981). Plaintiff Havik has failed to satisfy these requirements and, therefore, its Motion for Emergency Relief must be DENIED.

Plaintiff Havik has failed to demonstrate to the satisfaction of this Court that the emergency relief it seeks—which will adjudicate whatever claims the defendants could assert against the property when issue is joined—is within the scope of the relief afforded under 11 U.S.C. § 363. At the very least there must be adequate protection afforded to defendants of their potential claims. It may be that this Court will have to determine a question dealing with title to the property. Such an issue cannot be determined in summary fashion.

The Court is of the opinion that defendants should be permitted to file their responsive pleadings and undertake discovery before the merits are reached.

However, the Court is not unmindful of the plaintiff's need to market its property. Therefore, the parties are directed to confer immediately with a view to agreeing on a method whereby plaintiff may continue to sell condominiums in the normal course of business and providing for adequate protection of defendants' claims by setting up appropriate reserves from the sale proceeds.

If the parties cannot agree as above by August 18, 1981 the Court will schedule an immediate conference.